HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRYSTAL DUDLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>POWELL LAW OFFICE, P.C.,<br><br>　　　　Defendant. | CASE NO. C11-5409RBL<br><br>ORDER |

THIS MATTER is before the Court on Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). The Court has reviewed the materials filed for and against the motion. Oral argument is not necessary to resolve the issue at the center of the motion. For the following reasons, the motion is **GRANTED**.

**FACTS**

Crystal Dudley owes a debt and acknowledges that the debt is owed. She was called by the law firm on or about February 18, 2011 and plaintiff told defendant that she was in the process of filing for bankruptcy. Defendant asked plaintiff for her bankruptcy file number. Plaintiff clarified that she did not yet have one as she is still in the process of filing. As of the date of this decision, she still has not filed bankruptcy. She did not request defendant stop

ORDER - 1

1  calling her. She did not refer the calls to an attorney. On or about March 17, 2011, defendant
2  called plaintiff at 8:11 a.m., 11:19 a.m., 3:01 p.m. and 3:45 p.m.

3  Dudley does not state an action under 15 U.S.C. § 1692(d)(5). The conduct of defendant
4  is well within the normal collection practices seeking payment of a debt. The activities did not
5  harass or annoy the plaintiff. Nothing in the statute prohibits a collector from calling a debtor
6  under the circumstances present here. The statute does not even prevent a collector from calling
7  multiple times in a week, or even in a day. Allegations of daily, or nearly daily, phone calls do
8  not raise a triable issue of fact to claims under § 1692(d)(5). *Arteoya v. Asset Acceptance, LLC*,
9  773 F.Supp.2d 1218, 1229 (E.D. Calif. 2010).

10  To defeat a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual
11  matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,
12  129 S. Ct. 1937, 1949 (2009). "The plaintiff must plead factual content that allows the Court to
13  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129
14  S. Ct., at 1949.

15  Plaintiff appears to be evading a legitimate debt and seeks relief from the creditor who
16  attempts to confront her with her obligations. She is "in process" to seek bankruptcy, she does
17  not request in writing to discontinue contacting her, she does not refer the defendant to an
18  attorney to handle the matter. She just wants the creditor to go away. That is not the purpose of
19  the Fair Debt Collection Practices Act. The Motion to Dismiss [Dkt. #6] is **GRANTED** with
20  //
21  //
22  //
23
24

1  leave to amend.  If plaintiff can provide facts that are truly harassing in nature, she can pursue a

2  claim based on a concise pleading that shows the defendant is liable for misconduct.  She must

3  amend within ten (10) days of the date of this Order.

4  **IT IS SO ORDERED.**

5  Dated this 28th day of September, 2011.

   RONALD B. LEIGHTON
   UNITED STATES DISTRICT JUDGE